UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD YAO,<br><br>           Plaintiff,<br><br>    v.<br><br>COCO ALTATIS, et al.,<br><br>           Defendants. | Case No. 25-cv-08745-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS BY EMAIL AND ONLINE PLATFORMS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 6 |

Plaintiff Todd Yao moves for an order authorizing service on defendants Coco Altatis and Conan Daily by email and/or by messages to defendants' social media accounts pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. Dkt. No. 6. For the reasons discussed below, the Court denies Dr. Yao's motion without prejudice.

**I.     BACKGROUND**

On October 13, 2025, Dr. Yao, an urgent care physician, filed this defamation action against two named defendants, Coco Altatis and Conan Daily, and a number of unnamed Doe defendants. Dkt. No. 1. Dr. Yao alleges that Mr. Altatis is the publisher of the conandaily.com website, which is owned by the entity Conan Daily. *Id.* ¶¶ 3-4.

According to the complaint, in 2021, two women falsely accused Dr. Yao of misconduct. *Id.* ¶ 9. Their accusations led to criminal charges being filed against Dr. Yao, as well as a civil harassment case. *Id.* ¶ 10. The criminal case was eventually dismissed, and Dr. Yao alleges that he is factually innocent. *Id.* ¶¶ 10-11. The civil harassment case was also dismissed. *Id.* ¶ 10. Separately, the Medical Board of California considered the women's complaints against Dr. Yao

and found them not credible; however, the Medical Board did find that Dr. Yao had been unprofessional and placed him on probation. *Id.* ¶ 11.

Dr. Yao alleges that in mid-2025, he found an article that had been published on the conandaily.com website in November 2024 titled, "13 things about Cupertino, California's Dr. Todd Yao." *See id.* ¶ 2; Dkt. No. 1-1. Dr. Yao alleges that several statements in the article are false and defamatory, and the article as whole casts him in a false light, making it appear as if he had been convicted of a crime as a result of the accusations made in 2021, rather than exonerated. *Id.* ¶¶ 12-13.

In his motion, Dr. Yao reports that he has been unable to identify the physical addresses of Mr. Altatis and Conan Daily, or a registered agent for service in the United States for Conan Daily. Dkt. No. 6 at 3. Dr. Yao asserts that Mr. Altatis lives in the Philippines. *Id.*; Dkt. No. 1 ¶ 3. He asserts that Conan Daily operates entirely online, although it uses servers located in this District. Dkt. No. 1 ¶ 7; Dkt. No. 6 at 3. Dr. Yao says he has attempted, through counsel, to contact defendants by email and via their social media accounts but has received no response. Dkt. No. 6 at 3; Dkt. No. 6-1 ¶¶ 4-6.

Dr. Yao now seeks an order authorizing him to serve Mr. Altatis and Conan Daily by email and/or by messages to defendants' Facebook, Twitter, and Instagram accounts. Dkt. No. 6.

## II.    LEGAL STANDARD

Rule 4(h)(2) of the Federal Rules of Civil Procedure authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. *See* Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) "permits service in a place not within any judicial district of the United States by means not prohibited by international agreement as may be directed by the court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (quoting Fed. R. Civ. P. 4(f)(3)) (citation modified). The rule does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* at 1014-15 (citation modified). Rule 4(f)(3) requires only that service be (1) directed by the court and (2) not prohibited by international agreement. *Id.* at 1014. So long as service is "court-directed and not prohibited by an international agreement, service of process ordered under

Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id*. Any alternate means of service must comport with due process, and thus "must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016 (citation modified). The determination whether the circumstances in a particular case require alternate service of process under Rule 4(f)(3) is a matter within the court's discretion. *Id*.

**III.     DISCUSSION**

The Court considers whether the facts and circumstances presented here warrant an order authorizing alternative service by email and/or by messages to defendants' social media accounts—specifically, whether the proposed methods of alternative service (1) are not prohibited by international agreement and (2) are "reasonably calculated" to apprise defendants of the pendency of this action.

**A.     International Agreement**

Where the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") applies, compliance with its provisions is mandatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 3 of the Hague Service Convention provides for service of process through the destination country's Central Authority, and Article 10 provides that if the destination country does not object, service may be accomplished through several alternate means. Hague Service Convention, art. 3, 10, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638.

Article 10 states:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> a)   the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> b)   the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials[,] or other competent persons of the State of destination,
>
> c)   the freedom of any person interested in a judicial proceeding to

3

> effect service of judicial documents directly through the judicial officers, officials[,] or other competent persons of the State of destination.

*Id.*, art. 10.

The United States and the Philippines, where defendants allegedly reside or are located, are signatories to the Hague Service Convention. *See* Status Table 14, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/ conventions/status-table/?cid=17. The Philippines has objected to Article 10 of the Hague Service Convention, stating: "The Philippines objects to the transmission channels under paragraphs a and c as provided for in Article 10 of the Convention." Declarations/Reservation/Notification, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1435&disp=resdn.

There is a split among federal district courts on the question of whether a country's objection to Article 10(a), which provides for service by "send[ing] judicial documents, by postal channels, directly to persons abroad," should be construed as an objection to email service. Some district courts have held that because the Philippines has not expressly objected to service by email, email service in the Philippines is permissible. *See, e.g.*, *CarMax Enter. Servs., LLC v. Precision Glob. Med. Distributors, LLC*, No. 22-cv-463, 2023 WL 6797493, at *4 (E.D. Va. Oct. 13, 2023); *Vaswani, Inc. v. Manjunathamurthy,* No. 20-cv-20288-KSH-CLW*,* 2021 WL 1541071, at *4 (D.N.J. Apr. 19, 2021). Other district courts have held that the Philippines's objection to "send[ing] judicial documents, by postal channels, directly to persons abroad" encompasses service by email, such that email service on a party in the Philippines is prohibited. *See, e.g.*, *Media Trademark & Licensing Ltd. v. COINGEEKLTD.COM*, No. 21-cv-00214-PHX-DWL, 2021 WL 2895289, at *5 (D. Ariz. July 9, 2021); *Panamerica Trade, Inc. v. Boys*, No. 3:25-cv-473-MMH-SJH, 2025 WL 1580817, at *2 (M.D. Fla. June 4, 2025).

Dr. Yao's motion does not address the Philippines's objection to Article 10 and includes no showing that the proposed methods of alternative service are "not prohibited by international agreement," as Rule 4(f)(3) requires. Citing *Rio Properties*, Dr. Yao argues that he need not

4

attempt service under the Hague Service Convention before moving for an order authorizing alternative service. *See* Dkt. No. 6 at 5 (quoting *Rio Props.*, 284 F.3d at 1016). However, in *Rio Properties*, the Ninth Circuit addressed a circumstance in which the Hague Service Convention *did not apply* because the country at issue, Costa Rica, was not a signatory. *See Rio Props.,* 284 F.3d at 1015 n.4. Had the country in which service was contemplated been a signatory, service in contravention of the Hague Service Convention would not be permitted by Rule 4(f)(3). *Id.*; *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 984-85 (N.D. Cal. 2020) ("*Rio* interpreted Rule 4(f), not the Hague Service Convention; and when the Convention applies, it must be considered."). Accordingly, nothing in *Rio Properties* suggests that a Court may authorize service under Rule 4(f)(3) where a signatory to the Hague Service Convention has objected to the proposed method of service, a point Dr. Yao has not addressed.

In addition, Dr. Yao argues that service under the Hague Service Convention would be "impracticable where defendants are unregistered foreign operators with no known address." Dkt. No. 6 at 5. However, the complaint alleges that the content Conan Daily posts on the conandaily.com website is hosted on servers owned by Automattic located in San Francisco, California. Dkt. No. 1 ¶ 7; Dkt. No. 6 at 3. Dr. Yao does indicate whether he has sought defendants' contact information from Automattic, the U.S. company he alleges owns the servers that host the conandaily.com website. Thus, it is not clear that, as Dr. Yao contends, neither defendant has a known address.

The Court finds that Dr. Yao has not established that the proposed methods of alternative service are not prohibited by international agreement, or that defendants have no known address.

**B.   Due Process**

In any event, Dr. Yao has not demonstrated that service by email and/or by messages to defendants' social media accounts is reasonably calculated to apprise defendants of the pendency of this action. First, Dr. Yao claims that the email address listed on Conan Daily's website "is the most direct and reliable communication method online." Dkt. No. 6 at 5. However, plaintiff's counsel attests that he sent an email to that email address in October 2025, and received no response or other indication the email was received. Dkt. No. 6-1 ¶¶ 5-6. The motion does not

5

contain any other information suggesting that either defendant may be contacted reliably by means of this email address.

Second, Dr. Yao argues that service by message to Conan Daily's social media accounts on Facebook, Twitter, and Instagram is reasonably calculated to provide actual notice of this lawsuit because "[d]efendants operate exclusively online and invite communication through digital channels." Dkt. No. 6 at 3. Plaintiff's counsel attests that "[d]efendant would be likely to receive notice through social media because [d]efendant Coco Altatis has been active on Facebook recently, the latest post being from November 5, 2025." Dkt. No. 6-1 ¶ 10. The declaration includes a screenshot of Mr. Altatis's Facebook page, showing a post dated November 5, 2025. *Id.*, Ex. A. It is unclear from the motion and supporting declaration whether Mr. Altatis and Conan Daily share social media accounts. In addition, Dr. Yao does not discuss how contacting defendants through the other social media platforms, Twitter and Instagram, is reasonably calculated to provide actual notice.

In these circumstances, and particularly when it is unclear whether defendants could be served by conventional means, the Court has insufficient information from which to conclude that the proposed alternative methods of service, even if permissible, are reasonably calculated to provide actual notice of this action. *See, e.g.*, *Amazon.com, Inc. v. Tian*, No. 21-cv-00159-TL, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022) (concluding plaintiff failed to demonstrate alternative service was required where it had obtained physical addresses for defendants in China and had not shown email was more reliable means of providing notice); *Viral DRM LLC v. Margarita*, No. 24-cv-00747-JSC, 2024 WL 2112897 at *2-3 (N.D. Cal. Apr. 11, 2024) (denying motion to serve by email where plaintiff had not provided sufficient "evidence demonstrating service by email is likely to reach [d]efendant," including evidence that the email address is legitimate).

## IV.    CONCLUSION

For these reasons, the Court denies Dr. Yao's motion for an order authorizing alternative service without prejudice.

//

**IT IS SO ORDERED.**

Dated: December 19, 2025

Virginia K. DeMarchi
United States Magistrate Judge