United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TODD YAO,

Plaintiff,

v.

COCO ALTATIS, et al.,

Defendants.

Case No.  25-cv-08745-VKD

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY**

Re: Dkt. No. 17

Plaintiff Todd Yao moves for leave to conduct early discovery to obtain the contact information and addresses of defendants Coco Altatis and Conan Daily so that he may serve them with process.  Dkt. No. 17.  Defendants have not appeared in this action or responded to the motion.  The Court finds this motion suitable for resolution without oral argument and vacates the hearing set for June 9, 2026.  *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court denies the motion for leave, without prejudice.

## I.    BACKGROUND

On October 13, 2025, Dr. Yao, an urgent care physician, filed this defamation action against two named defendants, Coco Altatis and Conan Daily, and a number of unnamed Doe defendants.  Dkt. No. 1.  Dr. Yao alleges that Mr. Altatis is the publisher of the conandaily.com website, which is owned by the entity Conan Daily.  *Id.* ¶¶ 3-4.

According to the complaint, in 2021, two women falsely accused Dr. Yao of misconduct. *Id.* ¶ 9.  Their accusations led to criminal charges being filed against Dr. Yao, as well as a civil harassment case.  *Id.* ¶ 10.  The criminal case was eventually dismissed, and Dr. Yao alleges that he is factually innocent.  *Id.* ¶¶ 10-11.  The civil harassment case was also dismissed.  *Id.* ¶ 10.

Separately, the Medical Board of California considered the women's complaints against Dr. Yao and found them not credible; however, the Medical Board did find that Dr. Yao had been unprofessional and placed him on probation. *Id.* ¶ 11.

Dr. Yao alleges that in mid-2025, he found an article that had been published on the conandaily.com website in November 2024 titled, "13 things about Cupertino, California's Dr. Todd Yao." *See id.* ¶¶ 2, 13; Dkt. No. 1-1. Dr. Yao alleges that several statements in the article are false and defamatory, and the article as a whole casts him in a false light, making it appear as if he had been convicted of a crime as a result of the accusations made in 2021, rather than exonerated. Dkt. No. 1 ¶¶ 12-13. Dr. Yao alleges Mr. Altatis resides in the Philippines. *Id.* ¶ 3.

In his motion for leave, Mr. Yao states that he has been unable to obtain defendants' addresses, which he requires in order to serve them with the complaint and summons. Dkt. No. 17 at 3. Mr. Yao claims that Conan Daily "maintains no physical office or mailing address in the United States and has no registered agent for service of process with any state or federal agency." *Id.* Mr. Yao's counsel attests that he attempted to contact defendants through an email address listed on conandaily.com and through defendants' social media accounts. Dkt. No. 17-1 ¶¶ 5-6, 12-14. Defendants have not responded to these attempts to contact them. *Id.* ¶¶ 6, 15. Mr. Yao seeks leave to serve a subpoena on Automattic Inc. ("Automattic"), the company that purportedly owns the servers that host conandaily.com, to obtain defendants' current contact information and locations. Dkt. No. 17 at 3.

## II.    DISCUSSION

Generally, a party may not obtain discovery "from any source" before conducting a Rule 26(f) conference, let alone before service of the summons and complaint. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). However, as Mr. Yao argues, where a party demonstrates good cause, a court may order early discovery. *See, e.g., Distinct Media Ltd. v. Doe Defendants 1-50*, No. 15-cv-03312 NC, 2015 WL 13389609, at *2 (N.D. Cal. Sept. 29, 2015). In particular, where a plaintiff requires discovery in order to identify

United States District Court
Northern District of California

2

unknown defendants, early discovery may be appropriate.  *See id.*; *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[S]ituations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Here, Mr. Yao does not require discovery to identify defendants—he has already named Mr. Altatis and Conan Daily as defendants in the complaint.  Dkt. No. 1.  He requests discovery only of their contact information and addresses for purposes of service of process.  Dkt. No. 17.

Courts have permitted limited discovery after the filing of the complaint "to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *See Bungie, Inc. v. Thorpe*, No. 21-cv-05677-EMC (DMR), 2021 WL 5178825, at *2 (N.D. Cal. Nov. 8, 2021) (quoting *Columbia Ins. Co.*, 185 F.R.D. at 577); *see also DFSB Kollective Co. v. Jenpoo*, No. 11-cv-1050 SC, 2011 WL 2314161, at *2-3 (N.D. Cal. June 10, 2011) (finding good cause for limited expedited discovery to identify defendants' physical addresses and contact information because the information was necessary "in order to effect service of process").  In evaluating whether a plaintiff establishes good cause for expedited discovery for the purpose of identifying information necessary to serve a defendant, courts in the Ninth Circuit consider whether the plaintiff: (1) has identified the missing defendant with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court, (2) has described the previous steps taken to locate the missing defendant, (3) established that the action can withstand a motion to dismiss, and (4) demonstrated a reasonable likelihood that discovery will yield identifying information about the defendant that would make service of process possible.  *See Bungie*, 2021 WL 5178825, at *3 (collecting cases); *Columbia Ins. Co.*, 185 F.R.D. at 578-80 (discussing relevant considerations).

The first *Columbia* factor, which looks at whether the plaintiff has identified the missing party with "sufficient specificity," is "necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied."  *Columbia Ins. Co.*, 185 F.R.D. at 578.  "Courts examining this

factor have considered whether the plaintiff has shown that the court will likely have personal jurisdiction over the defendant." *Lik v. Doe*, No. 20-cv-00255-DMR, 2020 WL 1984291, at *2 (N.D. Cal. Apr. 27, 2020).

The complaint alleges that the Court has personal jurisdiction over defendants because they "purposefully availed themselves of the laws of California by publishing the Conan Daily website in the United States, specifically on servers in San Francisco, California" and "have sufficient minimum contacts with the forum state that the exercise of personal jurisdiction is both reasonably foreseeable by the [d]efendants and comports with minimum notions of fair play and substantial justice." Dkt. No. 1 ¶ 7. Mr. Yao's motion argues that defendants purposefully availed themselves to this Court's jurisdiction "by publishing defamatory statements of a citizen of this state." Dkt. No. 17 at 4-5.

Because no federal statute authorizes personal jurisdiction in this matter, California law applies. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Id.* "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (internal quotation marks and citation omitted). Minimum contacts may be established through a showing of either general or specific jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004).

### A.    General Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017). As Mr. Yao alleges that Mr. Altatis resides in the Philippines and that Conan Daily "maintains no physical office or mailing address in the United States and has no registered agent for service of process with any state or federal agency," there is

United States District Court
Northern District of California

nothing from which the Court can infer the existence of general jurisdiction.  *See* Dkt. No. 1 ¶ 3; Dkt. No. 17 at 3.

### B.    Specific Jurisdiction

Mr. Yao suggests that the Court may exercise specific personal jurisdiction over defendants.  *See* Dkt. No. 1 ¶ 7; Dkt. No. 17 at 4-5.  Courts in the Ninth Circuit analyze specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.  Mr. Yao bears the burden of satisfying the first two prongs. *Mavrix Photo*, 647 F.3d at 1228.  If he does so, then the burden would shift to defendants "to set forth 'a compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### 1.    Purposeful direction

For claims involving tortious conduct, like those brought by Mr. Yao, courts employ a purposeful direction analysis, applying an "effects" test.  *Mavrix Photo*, 647 F.3d at 1228.  The "effects" test is based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984) and "requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* (citation modified).

### a.    Intentional act

"An intentional act refers to 'an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act.'"  *DFSB Kollective Co. Ltd. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012) (quoting *Schwarzenegger*, 374 F.3d at 806). Mr. Yao alleges that defendants published an article on conandaily.com that defendants know is "defamatory and result in a false light for [p]laintiff."  Dkt. No. 1 ¶¶ 2, 3.  Specifically, Mr. Yao

United States District Court<br>Northern District of California

alleges that defendants' article makes it appear as if he had been convicted of a crime as a result of harassment accusations made in 2021, rather than exonerated. *Id.* ¶¶ 12-13. These alleged acts satisfy the intentional act requirement.

**b.      Expressly aimed at California**

This factor considers whether defendants expressly aimed their conduct at California, the forum state. Mr. Yao argues that defendants' conduct "specifically targets California" by "publishing defamatory statements of a citizen of this state." Dkt. No. 17 at 4-5. "Absent more, the Supreme Court and the Ninth Circuit have both squarely rejected this theory of personal jurisdiction." *Williby v. Hearst Corp.*, No. 15-cv-02538-EJD, 2017 WL 1210036, at *5 (N.D. Cal. Mar. 31, 2017) (rejecting argument that jurisdiction over defendant was proper because plaintiff, a California resident, was the "target of the defamatory statement"). In *Walden v. Fiore*, the Supreme Court observed that "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Thus, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* In line with this precedent, the Court finds that Mr. Yao's domicile alone is insufficient to confer personal jurisdiction over defendants. *See Janus v. Freeman*, 840 F. App'x 928, 930-31 (9th Cir. 2020) (holding that defendant's defamatory statements about California resident, without a showing of "reputation-based effects within California," established "only an attenuated affiliation with the forum" (quotations and citations omitted)).

Mr. Yao claims that defendants have sufficient contacts with California to warrant the exercise of personal jurisdiction over them here because defendants "publish[ed] the Conan Daily website in the United States, specifically on servers in San Francisco, California belonging to the U.S. company Automattic." *See* Dkt. No. 1 ¶ 7. Mr. Yao's theory appears to be that the use of an Internet website hosting platform gives rise to personal jurisdiction in the state where the company that owns or operates the platform is based. "Courts have routinely concluded that, in the context

6

of Internet websites, there must be 'something more' than the website itself 'to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state.'" *Williby*, 2017 WL 1210036, at *6 (collecting cases). To determine what rises to the level of "something more," the Ninth Circuit has looked to "several factors, including the interactivity of the website . . . the geographic scope of defendant's commercial ambitions . . . and whether the defendant individually targeted a plaintiff known to be a forum resident." *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1229).

Here, Mr. Yao does not plead any facts that demonstrate that defendants' use of Automattic's hosting services satisfies this jurisdictional standard. The fact that Automattic's servers are located in San Francisco, California does not support a finding that Mr. Altatis and Conan Daily expressly aimed their activities at California. *See Stebbins v. Doe*, No. 23-cv-00321-DMR, 2023 WL 7726412, at *4 (N.D. Cal. Nov. 15, 2023) (defendant's publication of a video on YouTube, which is headquartered in California, did not establish that defendant expressly aimed his activities at California); *Williby*, 2017 WL 1210036, at *7 (allegedly defamatory comment posted on YouTube was a "passive" interaction with California that did not amount to purposeful direction towards California); *Lik*, 2020 WL 1984291, at *2 (allegation that defendant's misconduct occurred through his use of Facebook which is located in this District was insufficient to establish personal jurisdiction over defendant); *Bourne*, 897 F. Supp. at 883 ("While the location of these companies is relevant for lawsuits directly involving the companies, the Court is unpersuaded that the headquarters of these Internet companies establishes that Defendant expressly aimed his infringing activities at the California market.").

Because the Court finds that Mr. Yao has not satisfied the second prong of the *Calder* test by establishing that defendants' acts were expressly aimed at California, it does not reach the third prong of the *Calder* test, i.e., foreseeable harm. *See Schwarzenegger*, 374 F.3d at 807 n.1.

In sum, Mr. Yao has not established good cause to issue the subpoena to Automattic to discover defendants' contact information and addresses because he has not shown that the Court has personal jurisdiction over defendants such that defendants may be sued in this court. For the same reason, Mr. Yao has failed to satisfy the third factor of the *Columbia* test to the extent that he

has not demonstrated that the action could withstand a motion to dismiss due to lack of personal jurisdiction over defendants.

Accordingly, Mr. Yao's motion for leave to conduct early discovery is denied without prejudice. *See, e.g.*, *Stebbins*, 2023 WL 7726412, at \*4 (denying motion for early discovery without prejudice for failure to demonstrate personal jurisdiction over defendant); *JT Foxx Org. v. Palmer*, No. 17-cv-02661-DMR, 2017 WL 3617111, at \*6 (N.D. Cal. Aug. 23, 2017) (same).

## III.    CONCLUSION

For the reasons explained above, the Court denies Mr. Yao's motion for leave to conduct early discovery. The denial is without prejudice to Mr. Yao amending his complaint and filing a new motion that addresses the relevant considerations and the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: June 2, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California